802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ERNEST DAVIS, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-5631.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1986.
 
 BEFORE: MARTIN and JONES, Circuit Judges; and COHN, District Judge*
 Per Curiam.
 
 
 1
 Ernest Davis appeals the district court judgment affirming the Secretary's denial of his application for disability benefits. The administrative law judge found that Davis was capable of performing sedentary work. Upon review of the record, we reverse and remand for the award of benefits.
 
 
 2
 Davis was born in 1934 and has the equivalent of a high school diploma. He alleged in his application that he was disabled as of June 3, 1982 because of a back injury, respiratory problems and chest pains. Two of Davis' treating physicians opined that Davis respiratory problems rendered him totally disabled. The Secretary offered the testimony of a pulmonary expert who opined that Davis suffered from a mild lung disease which limited his exertion tolerance but did not prevent him from doing work at the medium exertional level.
 
 
 3
 In Harris v. Heckler, 756 F.2d 431 (6th Cir. 1985) the court noted the deference to be accorded the medical opinions and diagnoses of a claimant's treating physician. These medical opinions and diagnosis are "generally accorded substantial deference, and if the opinions are uncontradicted, complete deference." 756 F.2d at 435; King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Deference need only be accorded, however, if the physician's opinion is based on sufficient medical data or specific objective facts. 756 F.2d at 435. This circuit also recognizes that the reports of treating physicians are given greater weight than the reports of physicians employed and paid by the government for the purpose of defending against a disability claim. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). The Harris court also recognized that the ultimate "determination of disability is the prerogative of the Secretary, not the treating physician." 756 F.2d at 435; Garner v. Heckler, 745 F.2d 383, 391 (6th Cir. 1984).
 
 
 4
 There is substantial objective medical evidence of record to support a finding that Davis' respiratory problems limit his ability to work. A perfusion lung scan revealed as early as July 22, 1982 that Davis suffered from chronic obstructive lung disease. Dr Vlahovich reported on December 4 that Davis suffered from marked dyspnea with exertions and found "persistent rales bilaterally in the lung fields." A Dr. Landin reported that pulmonary function testing revealed a mild restructive and obstructive pattern and that Davis suffered from chronic lung disease and chest wall pain.
 
 
 5
 The only objective medical evidence relied on by the ALJ to dispute the opinions of Dr. Vlahovich and Dr. Kramer were the results of a pulmonary function test on December 9, 1982, which showed that Davis was functioning at two-thirds normal. The relevance of these results is not clear when assessed subjectively to Davis condition. Depending upon who is making the subjective evaluation, it is very likely that the test results can be interpreted differently.
 
 
 6
 We believe the ALJ was wrong in discounting the opinions of the treating physicians. The Sixth Circuit has pronounced on numerous occasions that the treating physicians' opinions should be given great weight if they are supported by sufficient objective medical evidence. There is medical evidence to support a finding that Davis suffers from a disabling lung disease, and the opinions of physicians who have treated Davis on a number of occasions should be given considerable weight. The results of a pulmonary function test which may be subject to differing interpretations, and the opinion of the Secretary's physician who examined Davis once, seems insufficient to dispute these opinions.
 
 
 7
 We also find a second error in the ALJ's decision. Davis was also examined by another of the Secretary's physicians with regard to Davis back problems. The physician opined that Davis condition limited him to sitting two hours out of eight noncontinuously, standing one to two hours out of eight noncontinuously and walking two hours out of eight noncontinuously. Implicit in this finding is that Davis must alternate between sitting and standing. This circuit has held that a claimant can not perform sedentary work when he must alternate between sitting and standing to work for an eight hour day. Wages v. Secretary, 755 F.2d 495, 499 (6th Cir. 1985).
 
 
 8
 For the reasons stated above, we reverse and remand with instructions to award benefits.
 
 
 
 *
 The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation